UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

TAI PAN, INC.

    Plaintiff,

**04-60252**
**CIV-COHN**

CASE NO.    MAGISTRATE JUDGE
    SNOW

v.

MICROSOFT CORPORATION

    Defendants.
_____/

# COMPLAINT

### (Injunctive Relief Sought and Jury Trial Requested)

Plaintiff, TAI PAN, INC. ("Tai Pan"), by and through undersigned attorneys of record, files this Complaint against Defendant, MICROSOFT CORPORATION ("Microsoft"), and alleges as follows:

1. This action seeks redress of trademark infringement and unfair competition.

2. This suit arises under 15 U.S.C. §1114 *et seq.* and 15 U.S.C. §1125 *et seq.*

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) as Defendant resides in this district.

4. Plaintiff Tai Pan, a Florida corporation, owns the rights to the trademark forming the basis for this action. Plaintiff conducts business in the United States under the fictitious name of Internet Insight, which name has been registered by Tai Pan with the State of Florida since July 1998.

5. Defendant Microsoft is a foreign corporation with its principal place of business in Redmond, Washington. Microsoft is subject to personal jurisdiction in the State of Florida as it

1



maintains an office in Ft. Lauderdale, Florida, as part of its Gulf States operations.

6. The Court has jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331, 1337 (a), 1338 (a), and 1367 as the issues presented by this Complaint involve questions of federal law over which this Court has exclusive jurisdiction.

7. The Court has jurisdiction over the Defendant pursuant to Fla. Stat. §§ 48.193 (1) (a) and (b) because at all times relevant to the allegations contained herein, Defendant was engaging in a business in the State of Florida, was committing tortious acts within the State of Florida, and/or resided within the State of Florida.

8. Tai Pan is a company based in Naples, Florida that offers a range of technology implementation, business consulting, and training services to its clients. These services include assisting clients to establish and maintain an online presence for their businesses.

9. Tai Pan registered its trademark "INTERNET INSIGHT" on the Principal Register of the United States Patent and Trademark Office on June 3, 2003 (Registration No. 2,721,181) for use in connection with newsletters for the food service industry on how to develop and maintain an Internet presence. A copy of the registration is attached as Exhibit "A" to this Complaint.

10. Tai Pan has continuously used its trademark in "INTERNET INSIGHT" in interstate commerce since at least as early as March 1998. This arbitrary mark has been used by Tai Pan on its website and in other advertising media to identify the services that it provides to its clients throughout Florida and the rest of the United States. Tai Pan has continuously and extensively promoted, advertised and marketed its bundle of services under the trademark "INTERNET INSIGHT". This trademark distinguishes Tai Pan's services from the services provided by its business competitors.

11. Tai Pan's trademark "INTERNET INSIGHT" constitutes an asset of substantial value as a symbol of Tai Pan's service line, goodwill, and reputation.

12. Microsoft has been using the mark "INTERNET INSIGHT" to identify a newsletter that is made available to subscribers of Microsoft's online site, MSN.com. According to Microsoft, this newsletter is geared "[f]or businesses advertising online now or in the future", and "provides information regarding the state of the online advertising industry and how it affects your business." On information and belief, Microsoft has been using Tai Pan's mark to identify this newsletter since at least March 2001, and continues to offer this newsletter to subscribers as of the date of the filing of this Complaint. *See msnewsletters@email.msn.com, Exhibit B;* There is a substantial likelihood that Tai Pan's customers have been confused by Microsoft's Internet Insight newsletter into believing that Microsoft is the owner of the trademark "INTERNET INSIGHT", and that there is an affiliation between Tai Pan and Microsoft because of Microsoft's use of Tai Pan's trademark to identify a newsletter relating to the same or similar types of services.

13. Tai Pan has authorized the undersigned counsel to represent it in this matter and has agreed to pay them a reasonable fee for their services.

## COUNT I

## TRADEMARK INFRINGEMENT

14. Tai Pan realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein verbatim.

15. This action is for Defendant's infringement of Tai Pan's registered trademark "INTERNET INSIGHT". The mark was registered on June 3, 2003 (Registration Number 2,721,181). INTERNET INSIGHT is a distinctive mark entitled to protection under the Trademark Act.

3

16. Defendant has used Tai Pan's trademark in connection with the offering, advertising, and promotion of the monthly newsletter contained on Microsoft's website designed to encourage businesses to maximize their use of online advertising to promote their businesses.

17. Defendant's use of the "INTERNET INSIGHT" mark was likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendant Microsoft and Tai Pan are affiliated and/or Microsoft sponsors the services provided by Tai Pan in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114 (1).

18. As a direct and proximate result of the Defendant's use of Tai Pan's "INTERNET INSIGHT" mark, Tai Pan has been or is likely to be substantially injured in its business, including its goodwill, identity and reputation, resulting in lost revenues and profits.

19. Although a portion of the injury suffered by Tai Pan may be remedied by an award of damages, not all of its injury is compensable by damages because the registered trademark "INTERNET INSIGHT" is unique to Tai Pan and represents its identity and reputation to the public.

20. Unless enjoined by this Court, Defendant's continued use of the mark "INTERNET INSIGHT" will infringe Tai Pan's trademark, causing irreparable injury to Tai Pan. Such threat of future injury to its business, identity and reputation requires injunctive relief to prevent Defendant's continued use and infringement of Tai Pan's trademark in "INTERNET INSIGHT".

21. Defendant's conduct in utilizing Tai Pan's mark in a confusing manner without Tai Pan's authorization is willful, intentional and flagrant.

22. Tai Pan has a substantial likelihood of prevailing on the merits at trial.

23. The balance of equity weighs in Tai Pan's favor because the injury suffered by Tai Pan outweighs any harm an injunction may impose on Defendant.

WHEREFORE, Tai Pan demands judgment against Defendant for:

(1) Preliminary and permanent injunctive relief enjoining Defendant, its agents, employees, representatives, and all persons acting by, through, or for them or on their behalf, from (a) using the registered mark "INTERNET INSIGHT" or any other mark confusingly similar to Tai Pan's trademark "INTERNET INSIGHT" to promote, sell, advertise, distribute, or otherwise market newsletters relating to creating and maintaining an Internet presence; (b) otherwise infringing the trademark "INTERNET INSIGHT"; (c) causing likelihood of confusion or injury to Tai Pan's identity, reputation and goodwill; (d) causing likelihood of confusion or misunderstanding as to the source of Tai Pan's services; (e) and causing likelihood of confusion or misunderstanding as to their affiliation, connection or association with Tai Pan;

(2) all damages sustained by Tai Pan;

(3) the costs of this action;

(4) attorneys' fees incurred pursuant to 15 U.S.C. § 1117; and

(5) such other relief as this Court may deem just.

## COUNT II

## FEDERAL UNFAIR COMPETITION

24. Tai Pan realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein verbatim.

25. Tai Pan has continuously used the mark "INTERNET INSIGHT" since at least as early as March 1998 to identify the services that it provides to its clients throughout Florida and the rest of the United States. Tai Pan has continuously and extensively promoted, advertised and marketed

its services under this mark, and the mark distinguishes Tai Pan's services from the services provided by its business competitors.

26. Defendant Microsoft has been using the mark "INTERNET INSIGHT" to identify a newsletter that it has advertised on its websites since at least March 2001. Defendant's use of the name "INTERNET INSIGHT" for a newsletter offered on its websites directed to businesses interested in growing the online component of those businesses is likely to cause consumer confusion as to the source or origin of the services provided by Tai Pan. There is a substantial likelihood that Tai Pan's customers have been confused by Microsoft's Internet Insight newsletter into believing that there is an affiliation between Tai Pan and Microsoft because of Microsoft's use of Tai Pan's trademark to identify a newsletter relating to the same or similar types of services. Such acts by Defendant constitute unfair competition in violation of 15 U.S.C. § 1125 (a).

27. As a direct and proximate result of the aforementioned acts, practices and conduct, Tai Pan has been injured in its business, resulting in lost revenues and profits.

28. Although an award of damages may remedy a portion of the injury suffered by Tai Pan, not all of its injury is compensable by damages because the mark "INTERNET INSIGHT" is unique to Tai Pan and represents its identity and reputation to the public.

29. Unless enjoined by this Court, Defendant will continue to injure and cause irreparable harm to Tai Pan by their acts of unfair competition. Such threat of future injury to Tai Pan's business, identity and reputation requires injunctive relief.

30. Defendant's conduct in using the mark "INTERNET INSIGHT" in a misleading manner in advertisements for its newsletter, without Tai Pan's authorization or consent, was willful, intentional and flagrant.

31. Tai Pan has a substantial likelihood of prevailing on the merits at trial.

32. The balance of equity weighs in Tai Pan's favor because the injury suffered by Tai Pan outweighs any harm an injunction may impose upon Defendant.

WHEREFORE, Tai Pan demands judgment against Defendant for:

(1) Preliminary and permanent injunctive relief enjoining Defendant, its agents, employees, representatives, and all persons acting by, through, or for them or on their behalf, from (a) using the mark "INTERNET INSIGHT" or any other mark confusingly similar to Tai Pan's mark "INTERNET INSIGHT" to promote, sell, advertise, distribute, or otherwise market newsletters relating to creating and maintaining an Internet presence; (b) causing likelihood of confusion or injury to Tai Pan's identity, reputation and goodwill; (c) causing likelihood of confusion or misunderstanding as to the source of ownership of Tai Pan's services; (d) causing likelihood of confusion or misunderstanding as to their affiliation, connection or association with Tai Pan; and (e) otherwise unfairly competing with Tai Pan;

(2) all damages sustained by Tai Pan;

(3) the costs of this action;

(4) attorneys' fees incurred pursuant to 15 U.S.C. § 1117; and

(5) such other relief as this Court may deem just.

### DEMAND FOR JURY TRIAL

Tai Pan hereby demands trial by jury of all Counts and issues of this Complaint so triable as of right.

Respectfully submitted,

_____
Allen Brufsky
Florida Bar Number 133980

7

Allen D. Brufsky, P.A.
Telephone: 239-261-9393
Fax: 239-261-9696

Counsel for Plaintiff
TAI PAN, INC.



# Trademark Electronic Search System(Tess)

*TESS was last updated on Wed Feb 25 04:28:06 EST 2004*

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | INTERNET INSIGHT |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: newsletters for the food service industry on how to develop and maintain an Internet presence. FIRST USE: 19980300. FIRST USE IN COMMERCE: 19980300 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76436629 |
| **Filing Date** | August 1, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 11, 2003 |
| **Registration Number** | 2721181 |
| **Registration Date** | June 3, 2003 |
| **Owner** | (REGISTRANT) TAI-PAN, INC. CORPORATION FLORIDA 770 10th Street North Naples FLORIDA 34102 |
| **Attorney of Record** | Allen D. Brufsky |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INTERNET" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

Exhibit "A"

Subj: **MSN Newsletter subscription Confirmation**
Date: 2/24/2004 7:35:45 PM Eastern Standard Time
From: msnnewsletters@email.msn.com
To: abrufs@aol.com

Thank you for subscribing to MSN Internet Insight! For businesses advertising online now or in the future, this newsletter provides information regarding the state of the online advertising industry and how it affects your business.

If you find that this is not correct, please click on this link to unsubscribe http://newsletters.msn.com/home.asp?NID=10.

Thank you,
MSN Newsletters

Exhibit "B"

Tuesday, February 24, 2004 America Online: ABrufs

MSN Advertising



Home > Services > Research > Cross Media Research

# Cross Media Research
Online is Powerful Complement to Traditional Media

**If you want better results from your media mix, try allocating more of your budget online.** That's the conclusion of a groundbreaking cross-media research completed in the fall of 2001 by MSN®, the award-winning researcher Rex Briggs of Marketing Evolution in partnership with Dynamic Logic, the Advertising Research Foundation (ARF), the Interactive Advertising Bureau (IAB), and a leading consumer packaged goods company.

The research results indicate that increasing the share of online in the overall media mix, increases the effectiveness of the entire campaign. Given the current industry average of two to three percent allocated to online, we suggest that marketers consider re-evaluating their media mix and increasing the share of online.

**The Cross Media Research identified powerful synergies between online and offline advertising:**

By combining Television, Print, and Online, this media mix delivers the highest branding levels for:

- Unaided and aided brand awareness
- Positive brand associations
- Intent to purchase the product

The chart below illustrates the value of increasing frequency and focuses on the three key branding metrics highlighted above:



**Downloads**

 Archived Web Cast
56k  110k  300k

 MSN Cross Media Highlights

Download printable version

IAB Whitepaper

*"The IAB considers the result of this research to be extremely valuable to our members and the industry at large, as it demonstrates that the Internet can dramatically improve a Brand's ROI on overall marketing when it is a significant part of the overall media mix."*
Greg Stuart
IAB President & CEO





"We've seen lots of proof that Online advertising works, but this is the first time we have measured how online really stacks up to television and magazines."
Jim Spaeth
President of the ARF

In summary, **the research modeling demonstrates that higher online spending increases brand awareness and purchase intent more efficiently than higher TV or print spending.** To learn more about this research, contact your MSN Sales Representative.

04-60252
JS 44 (Rev. 3/99)
CIV-COHN

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
TAIPAN INC.

**DEFENDANTS**
MICROSOFT CORPORATION

MAGISTRATE JUDGE
SNOW

(b) County of Residence of First Listed Plaintiff _COLLIER_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

0:04 cv 60252 JIC/LSS

(c) Attorney's (Firm Name, Address, and Telephone Number)
ALLEN D. BRUFSKY
ALLEN D. BRUFSKY, P.A.
475 GAUFIELD DR.
NAPLES, FL 34102 (239) 261-9593

Attorneys (If Known)
BROWARD County

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1114, 1125(a) TRADEMARK INFRINGEMENT

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 2/24/04
SIGNATURE OF ATTORNEY OF RECORD
ALLEN D. BRUFSKY
FL BAR # 133,980

**FOR OFFICE USE ONLY**
RECEIPT # 530506 AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____